(112 App. Div. 872)

### CROWLEY v. STATE.

(Supreme Court, Appellate Division, Third Department. May 2, 1906.)

APPEAL—MODIFICATION—INCREASE OF RECOVERY.

Where, on appeal from a judgment against the state in the court of claims, no finding by that court appears as to the extent of the damage to claimant owing to defendant's negligence, the Supreme Court has no authority to make a new finding, and in accordance therewith, to modify the judgment by increasing the recovery.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, § 4506.]

Appeal from Special Term.

Appeal by Patrick Crowley from a judgment in his favor against the state in the court of claims granting insufficient relief. Reversed.

See 90 N. Y. Supp. 496.

Argued before PARKER, P. J., and SMITH, CHESTER, KEL-LOGG, and COCHRANE, JJ.

Brodie G. Higley, for appellant.

Julius M. Mayer, Atty. Gen. (Willis H. Tennant, of counsel), for the State.

SMITH, J. This appeal is taken on the ground of the insufficiency of the damages. Claimant's land was injured by an overflow from the canal caused by the negligence of the employés of the state. These facts are established for the purposes of this action by the judgment against the defendant for the sum of $300. Claimant rented 16 acres of land adjoining the Champlain canal. One acre was' kept as grass land, upon one acre he planted corn, and upon 14 acres he planted a special variety of potatoes which was used for seed potatoes in Cuba, and for which he got 83½ cents per bushel that year. The ordinary crop of potatoes in that land was 150 bushels to the acre. This overflow occurred July 24, 1902. After the overflow the ground yielded only 70 bushels of potatoes to the acre, and practically no

corn, so that the claimant's damages proven without contradiction amounted to about $900. The only justification which the Attorney General makes of this reduction of the damages proven from $900 to $300, the amount of the award, is that the court took into consideration that the injury to the potato crop was due in part only to the overflow of the canal, and in part to the hard rain. He asks us to hold as matter of law where the injury to crops is attributable to two causes for one of which the state is liable, and for one of which the state is not liable, that the damage which the state must pay is only proportionate to the injury by waters flowing over land through the negligence of the state. The difficulty with his proposition is that the facts proven in this case do not make applicable the rule. Hard rains do not harm a crop of potatoes as far as any evidence shows, unless they cause the flooding of the land. There is not one particle of evidence that this land was ever flooded except through the overflow of the canal. The record does not present a clear picture of the territory surrounding the land. The only stream which could overflow the land, apart from the canal, would seem to be Wood creek, which is situated about a quarter of a mile east. There is no evidence that that creek has ever risen so high as to flood this land. Between this land and the creek was the railroad. The evidence is wholly to the effect that this creek never overflowed upon this land. The record presents no evidence of any other cause of injury to the claimant's crops than the overflow of the canal. Claimant's evidence as to the extent of damage is corroborated by other witnesses and wholly uncontradicted in the evidence. The verity of claimant's evidence is not attempted to be shaken by cross-examination even. The court of claims has apparently arbitrarily divided the claimant's proven damage by three and given him only one-third thereof.

We are asked instead of granting a new trial to ourselves modify the judgment and give claimant judgment for the sum which the undisputed evidence shows to have been his damage. We are of the opinion that we are without power to grant this request. The power given us by the statute is to affirm, reverse or modify the judgment of the court of claims. The same power is given to this court in review of a judgment of the Supreme Court. Under well-settled authority we would not have this power if this appeal were from a judgment of the Supreme Court for insufficiency of damage. We know of no different rule of interpretation which would give us a greater power on an appeal from a judgment of the court of claims.

In Sayre v. State, 123 N. Y. 291, 25 N. E. 163, which has been often cited to us in support of a similar request, the judgment as finally given by the court was in accordance with the findings of the board of claims, whose award was under review. Without a finding by the court of claims as to the extent of the damage, as claimed by claimant to have been caused by defendant's negligence, we are not authorized to make a new finding in accordance with which we may modify this judgment.

The judgment should therefore be reversed, with costs, and a new trial granted. All concur.