(112 App. Div. 875)

OSTRANDER v. STATE.

(Supreme Court, Appellate Division, Third Department. May 2, 1906.)

APPEAL—MODIFICATION OF JUDGMENT—INCREASING RECOVERY.

On appeal from a judgment of the court of claims in favor of claimant and against the state, the Supreme Court cannot increase the judgment, where, although there are findings by the court of claims, there is no finding as to the extent of the damages as claimed by claimant.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, § 4506.]

Appeal by Charles Ostrander from a judgment of the court of claims in his favor and against the state, granting insufficient relief. Reversed, and new trial granted.

Argued before PARKER, P. J., and SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

George F. Thompson, for appellant.

Julius M. Mayer, Atty. Gen., and Willis H. Tennant, for respondent.

COCHRANE, J. The judgment in this case establishes the liability of the state because of an overflow of water on the land of the claimant in Genesee county, in the year 1901, from a feeder constructed and maintained by the state in connection with the Erie Canal. This appeal is because of the alleged insufficiency of the damages awarded.

The court of claims found as facts that farm products of the claimant "were damaged by the combined waters of the feeder and the heavy rain, and the damage to said products and the property of claimant from

said joint waters was in excess of the award herein made," and "that all the damage suffered by claimant was not caused by the waters of said feeder, but that some of it was caused by the heavy rain which occurred at the time of said overflow, and which accumulated on claimant's premises independently of the water which came from the feeder," and concluded that the state "is not liable for the damages caused to claimant by the accumulation of waters due to heavy rains, which damage would have been caused without the presence of the feeder, and without any intervention on the part of the state."

It is unnecessary to consider whether this conclusion of the court is legally deducible from the said facts as found, for the reason that such facts have no support in the evidence. It is absolutely unestablished that, independently of the feeder, there was any accumulation of rain on the premises of the claimant, or that the rain would have caused him any damage whatever. In fact the court expressly found that the rains "were not the greatest known in that region, or greater than several storms before that time."

The learned Attorney General strenuously insists that some of the water in question came from a stream known as "Oak Orchard Creek," and which formed a part of the feeder system, or that coming from an easterly direction it flowed across the feeder. There is no satisfactory evidence, however, to that effect. Moreover, the court expressly found that "the waters of Oak Orchard Creek did not run upon the lands of the claimant," and "that the lands of the claimant are so situated that the water that did run across the same in the spring of 1901 must have come from Whitney creek and Tonawanda creek, having been conducted thereon by running first into the feeder, thence running north, and spilling over the feeder," and also "that no water came down from the east in the spring of 1901, and flowed across the feeder onto claimant's land, except the waters running north in said feeder, having been accumulated in said feeder from Whitney creek or Tonawanda creek watershed through said gate."

From the undisputed testimony and also from the findings of the court the judgment herein is inadequate. We are asked to modify the judgment by increasing the same. We are unable to do this, because, although there are findings by the court of claims, there is no finding as to the extent of the damages as claimed by claimant. See Crowley v. The State of New York (decided at this term of the court) 98 N. Y. Supp. 1094.

The judgment must be reversed, with costs, and a new trial granted. All concur, except PARKER, P. J., not voting.